IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELICIANO GALVAN, #45593-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-1493-B-BK |
| | § | (3:13-CR-0306-B-1) |
| UNITED STATES OF AMERICA, | § | (3:13-CR-0029-B-1) |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 2014, Petitioner pled guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced to concurrent prison terms of 180 and 120 months, respectively. Crim. Doc. 66. He did not appeal.[1]

On June 3, 2016, Petitioner filed this *pro se* section 2255 motion, challenging his sentence as unconstitutional under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due

---

[1] The charges were filed in separate criminal cases, but handled together. Since the presentence report, judgment, and statement of reasons are identical, the Court cites to the ones filed in 3:13-CR-0306-B-1.

process. Doc. 3 at 1. Specifically, Petitioner asserts that his sentence under section 922(g) was "enhanced under U.S.S.G. § 2K2.1(a)(3), (b)(1)(a), & (b)(5), because [he] had committed the § 922(g) offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Doc. 3 at 2. He maintains that his prior convictions for "Possession of a firearm, Aggravated Assault, and Aggravated Assault with a deadly weapon qualified as a 'crime of violence' under the Guidelines' residual clause definition of 'crime of violence' when he was sentenced." *Id.*

    Regarding the timelines of his section 2255 motion, Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson*, which was recently found retroactively applicable to cases on collateral review in *United States v. Welch*, --- U.S. ---, 136 S. Ct. 1257 (2016). Doc. 2 at 11; Doc. 3 at 1.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).[2]

### A. Limitations

Petitioner relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly

---

[2] Here, Petitioner will have adequate notice and an opportunity to respond to the statute of limitations ruling during the 14-day period for filing objections to the findings, conclusions and recommendation. *See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)* (Magistrate Judge's findings and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

untimely. Doc. 3 at 1. Over two years have elapsed since his conviction first became final in May 2014. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final under section 2255(f)(1) when the applicable period for seeking direct review of a conviction has expired).[3]

However, Petitioner's reliance on section 2255(f)(3) and *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, --- U.S. ---, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). It also was not increased under U.S.S.G. § 2K2.1 (which incorporates the same "crime of violence" definition of U.S.S.G. § 4B1.2) as argued at length in Petitioner's brief in support. Doc. 3 at 2-16; *See* U.S.S.G. § 2K2.1 cmt. note 1. Rather the Presentence Report (PSR), which was adopted without change at sentencing, grouped both counts together and calculated Petitioner's base offense level under the drug guidelines at U.S.S.G. § 2D1.1, because it produced the highest offense level. *See* Crim. Doc. 52-1 at 11-12, PSR ¶¶ 51-52; Crim. Doc. 67 at 1, Statement of Reasons (SOR). Two points were then added under U.S.S.G. § 2D1.1(b)(1) because Petitioner possessed a firearm. *See* Crim. Doc. 52-1 at 12, PSR ¶ 53. And at sentencing, the Court departed upward from the guideline imprisonment range of 121-151 months because of the seriousness of the offenses. *See* USSG § 5K2.0(a)(3); PSR ¶114, Crim. Doc. 52-1 at 21; SOR at 2-3, Crim. Doc. 67 at 2-3.[4]

---

[3] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

[4] Because the 922(g) count had a maximum term of imprisonment of ten years, Crim. Doc. 52-1 at 18, PSR ¶ 97, the Court imposed a 120-month sentence to be served concurrently with the

Moreover, even if Petitioner's sentence had been enhanced under section 2K2.1 (based on the residual clause of section 4B1.2(a)(2)), the United States Supreme Court has not held that section 4B1.2(a)(2) is also unconstitutional under its reasoning in *Johnson*. Indeed, the United States Court of Appeals for the Fifth Circuit recently recognized that "*Johnson* did not address Section 4B1.2(a)(2) of the Guidelines," and that the Supreme Court has not "held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increases a statutory penalty." *In re Arnick*, --- F.3d ---, 2016 WL 3383487 at *1 (5th Cir. Jun. 17, 2016) (per curiam) (noting that the split among the circuit courts of appeals as to whether *Johnson* applies to the Guidelines, in the context of a direct appeal, demonstrates the Supreme Court has not decided the question). Thus, section 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case.[5]

Consequently, the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

**B. Equitable Tolling**

Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v.*

---

180-month sentence imposed on the other count -- conspiracy to possess with intent to distribute a controlled substance. *See* Judgment, Crim. Doc. 66.

[5] Furthermore, the Court finds that 28 U.S.C. §§ 2255(f)(2) and (4) are inapplicable in this case. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.

*United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016).  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted).  Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).  Accordingly, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** July 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE